[Cite as *State v. Haralson*, 2013-Ohio-4868.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-05-050 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 11/4/2013 |
| - vs - | : | |
| | : | |
| TYRONE HARALSON, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 08CR25188

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Bleile, Witte & Lape, Adam Boyd Bleile, 810 Sycamore Street, Cincinnati, Ohio 45202, for defendant-appellee

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the Warren County Court of Common Pleas decision terminating the driver's license suspension of defendant-appellee, Tyrone Haralson, following Haralson's conviction for trafficking in marijuana. For the reasons outlined below, we reverse and remand for further proceedings.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2} On October 16, 2008, Haralson pled guilty to one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), a third-degree felony. Thereafter, on December 10, 2008, the trial court sentenced Haralson to serve four years in prison. The trial court also fined Haralson $5,000 and suspended his driver's license for a period of five years.

{¶ 3} On September 22, 2011, the trial court held a hearing where it granted Haralson's request for judicial release, placing him on three years of community control.

{¶ 4} On August 7, 2012, Haralson pled guilty to violating his community control obligations. The violations stemmed from an assault charge in Hamilton County, as well as Haralson's subsequent conviction for driving under suspension. Haralson also admitted to failing to make regular payments towards his financial obligations to the court. As a result of his guilty plea, the trial court terminated Haralson's community control as unsuccessful. The trial court, however, declined to impose any further sanctions.

{¶ 5} On April 29, 2013, Haralson filed a motion requesting the trial court grant him certain driving privileges. In support of this motion, Haralson claimed he needed to transport his children to school and social functions, as well as transport himself to and from work and school. According to this motion, Haralson had obtained full-time employment and had also enrolled in classes at Cincinnati State Community College.

{¶ 6} A hearing on Haralson's motion for driving privileges was held on May 30, 2013. At the hearing, the trial court noted it "can only grant certain privileges," but it could "terminate the suspension." In response, Haralson immediately requested the trial court to terminate his driver's license suspension. The state objected. Nevertheless, finding Haralson had taken great strides to turn his life around, the trial court granted Haralson's request to terminate his driver's license suspension effective immediately. In so holding, the trial court stated:

All right. This is based on what I consider to be your

rehabilitation and your effort to turn your life around and make it better and this will just make it a little easier for you to continue to do good things, as opposed to get in trouble for driving under suspension, when you're taking your child to the doctor or something like that. So, that's the order of the Court and we'll prepare an entry.

{¶ 7} The state now appeals from the trial court's decision terminating Haralson's driver's license suspension, raising a single assignment of error for review. Haralson did not file an appellate brief for our consideration.

{¶ 8} THE WARREN COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW WHEN IT TERMINATED THE APPELLEE'S DRIVER'S LICENSE SUSPENSION.

{¶ 9} In its single assignment of error, the state argues the trial court erred in terminating Haralson's driver's license suspension as a matter of law. Although the passage of time now possibly renders this issue moot, it is nevertheless capable of repetition while evading review and we will therefore address the state's argument. We agree that the trial court's decision granting Haralson's request to terminate his driver's license suspension was in error.

{¶ 10} As noted above, Haralson pled guilty to trafficking in marijuana in violation of R.C. 2925.03(A)(2), a third-degree felony. As a result of his guilty plea, and pursuant to R.C. 2925.03(D)(2), the trial court was required to "suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section." According to R.C. 2925.03(G):

> When required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter.

{¶ 11} The trial court's decision to suspend Haralson's driver's license for five years

was therefore proper. However, R.C. 2925.03(G) continues by providing, in pertinent part, the following:

> If an offender's driver's or commercial driver's license or permit is suspended pursuant to this division, **the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed or from the day on which the offender finally was released from a prison term under the sentence, whichever is later**, may file a motion with the sentencing court requesting termination of the suspension; upon the filing of such a motion and the court's finding of good cause for the termination, the court may terminate the suspension. (Emphasis added.)

In other words, as the plain language of the statute indicates, the trial court may terminate an offender's driver's license suspension imposed under R.C. 2925.03(D)(2) and (G) only upon the expiration of two years: (1) "from the day on which the offender's sentence was imposed;" or (2) "from the day on which the offender was finally released from a prison term under the sentence," whichever is later.

{¶ 12} In this case, because Haralson's release from prison was later in time, the two-year time period provided in R.C. 2925.03(G) did not begin to run until September 22, 2011, the day Haralson was granted judicial release.[2] Applying the plain language of the statute here, Haralson could not request the termination of his driver's license suspension – nor could the trial court grant such a request – until after the expiration of two years. This occurred on September 22, 2013. Therefore, while there may have been good cause for granting Haralson's request, the trial court must comply with the clear statutory requirements contained in R.C. 2925.03(D)(2) and (G). Accordingly, we find the trial court erred in granting Haralson's premature request to terminate his driver's license suspension and the state's

---

2. As part of its appellate brief, the state claims that Haralson was granted judicial release on September 28, 2011, the date upon which the trial court's entry was filed. However, the record also contains Haralson's commitment record signed and filed by the trial court indicating Haralson was released from prison on September 22, 2011. Moreover, Haralson's probation officer, Christopher Evans, specifically stated as part of his report of community control violation that Haralson was granted judicial release and placed on community control on September 22, 2011.

single assignment of error is sustained.

**{¶ 13}** Judgment reversed and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.